# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9046 | **DATE** | 4/25/2002 |
| **CASE TITLE** | DelAmora vs. Metro Ford | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse side of this order, the Court deems as undisputed the facts set forth in defendant's Rule 56.1 submission, and directs plaintiff to file a response to the legal issues raised by defendant's summary judgment motion on or before 5/10/02. Defendant's reply is due by 5/24/02.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | **APR 2 6 2002** date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | 02 APR 25 PM 4:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

Plaintiff Mike Del Amora has failed to respond within the time set by the Court to the motion for summary judgment filed by defendant Metro Ford Sales & Service, Inc., and he has also failed to seek an extension of time for filing his response. The Court therefore considers Metro Ford's motion without the benefit of Del Amora's views.

In this case filed under the Fair Credit Reporting Act, Del Amora alleges that Metro Ford obtained his credit report without authorization and without a permissible purpose, in violation of 15 U.S.C. §§1681b(f) & 1681q. In its motion for summary judgment, Metro Ford asserts that plaintiff's credit report was obtained by Jesus Roman, one of Metro Ford's salesmen, who had the ability to obtain such reports as part of his ordinary duties in dealing with prospective purchasers of automobiles. Del Amora was Roman's brother-in-law but was separated from Roman's sister. Roman has submitted an affidavit in which he states that he obtained the report for personal reasons and without the knowledge or permission of his supervisors. Del Amora's supervisor confirms the latter point, and Metro's owner states that sales personnel are permitted to conduct credit checks only for potential customers interesting in purchasing automobiles, and not for personal reasons, and that they are likewise not authorized to conduct credit checks without the permission of the person on whom the credit check is requested.

Metro Ford argues that these facts add up to a finding of non-liability, on the grounds that the FCRA does not render an entity liable for its employee's unauthorized violations of the Act when the employee obtained the report under false pretenses and for personal reasons without the approval of his supervisors. For this proposition Metro Ford cites only *Kondrick v. Ferguson,* 54 F. Supp. 2d 788 (N.D. Ill. 1999). Though *Kondrick* is a carefully reasoned decision by a highly respected judge of this Court, it is not binding authority. Metro Ford's memorandum fails to deal with a significant Circuit-level decision that is contrary to *Kondrick* (and which *Kondrick* discusses), *Jones v. Federated Financial Reserve Corp.,* 144 F.3d 961 (6th Cir. 1998), in which the Sixth Circuit held that a principal may be liable for an agent's FCRA violation under a theory of apparent authority.

The Court is reluctant to decide this issue without getting Del Amora's views. But in doing so, we will consider as undisputed the facts set forth in Metro Ford's summary judgment submission. By failing to respond to that submission as required by the Court's order and Local Rule 56.1, Del Amora has conceded the facts in Metro Ford's Rule 56.1 submission. The Court directs Del Amora to file a response dealing with the legal issues raised by Metro Ford's motion on or before 5/10/02. If Del Amora does not wish to contest Metro Ford's motion, the proper way to advise the Court of that is by a motion seeking dismissal of his complaint